757 P.2d 714

STATE of Idaho, Plaintiff–Respondent,

v.

Randy S. WRIGHT,
Defendant–Appellant.

No. 17076.

Court of Appeals of Idaho.

June 30, 1988.

Susan Servick, Deputy Kootenai County Public Defender, Post Falls, for defendant-appellant.

Jim Jones, Atty. Gen., Peter C. Erbland, Deputy Atty. Gen., for plaintiff-respondent.

PER CURIAM.

Randy Wright pled guilty to forgery, a felony, and received an indeterminate seven-year sentence. After completing a drug and alcohol rehabilitation program at the Idaho State Correctional Institution, Wright moved to reduce his sentence under I.C.R. 35. The district court denied the motion and Wright appealed. The sole issue is whether the district court abused its discretion in denying Wright's Rule 35 motion. We affirm.

A motion to reduce a sentence is addressed to the sound discretion of the district court. *State v. Arambula*, 97 Idaho 627, 550 P.2d 130 (1976). Such a motion is essentially a plea for leniency which may be granted if the sentence originally imposed was, for any reason, unduly severe. *State v. Hassett*, 110 Idaho 570, 716 P.2d 1342 (Ct.App.1986). The question presented on appeal from the denial of a Rule 35 motion is whether the facts presented in connection with the motion, when viewed in the context of information in the record, show that the district judge abused his discretion in failing to grant the leniency requested. *State v. Sutton*, 106 Idaho 403, 679 P.2d 680 (Ct.App.1984).

A sentence may represent such an abuse if it is shown to be unreasonable upon the facts of the case. *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App. 1982). In *Toohill*, we explained that a term of confinement is reasonable to the extent it appears necessary, at the time of sentencing, to accomplish the primary objective of protecting society and to achieve any or all the related goals of deterrence, rehabilitation and retribution. These criteria also govern rulings on motions to reduce sentences under Rule 35. *State v. Lopez*, 106 Idaho 447, 680 P.2d 869 (Ct. App.1984).

The charge against Wright arose from the forgery of a signature on a check which was cashed at a convenience store. Wright later turned himself in and pled guilty to the crime. At sentencing, Wright claimed that he had surrendered himself out of remorse and as a means of obtaining treatment for his drug dependence. The court noted, however, that Wright had a prior record and had previously received drug therapy, which had ultimately failed. Although Wright was charged with only one forgery, the court ordered restitution on four checks totalling $482.00.

Wright's Rule 35 motion requested a reduction of his sentence from an indeterminate seven years to an indeterminate five years. He could have received a maximum sentence of fourteen years. In support of his motion, Wright argued that his crime was non-violent and that in pleading guilty he had accepted responsibility for his acts. Wright presented evidence that he had completed a drug and alcohol treatment program and contended that it illus-

trated a sincere and important step toward his rehabilitation. He asserted that his offense was due in large part to his substance abuse and that recognition and treatment of this problem should weigh in mitigation.

The district court was unpersuaded to change the sentence. The court determined that Wright had not presented, other than the evidence of completing the drug treatment program, a viable argument in favor of reducing the sentence. The court concluded: "I am not left with any particularly strong feeling that there has been a dramatic change in his life other than he is now behind bars and would like to be out."

The burden of showing that the original sentence was unduly severe is upon the moving party. When a discretionary decision relating to sentencing is challenged on appeal, the appellant bears the burden of presenting a record sufficient to evaluate the merits of the challenge. *State v. Rundle*, 107 Idaho 936, 694 P.2d 400 (Ct.App.1984). As in *Rundle*, Wright's record is incomplete. It fails to contain the transcripts from the sentencing proceedings or the presentence investigation report. Wright relies primarily on his motion with its accompanying affidavits and the transcript of the motion proceedings.

The reasons presented by Wright are pertinent factors to weigh in consideration of the motion for a reduction of a sentence. His argument of the rehabilitative effect of his drug treatment program is, however, not by itself sufficient. From the record presented, we cannot determine how the district court applied this and the other appropriate sentencing objectives under *Toohill*. We will not presume error that the record fails to show.

We conclude that the district court did not abuse its discretion in denying Wright's Rule 35 motion. Accordingly, the order of the district court is affirmed.