846 P.2d 924

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Terry Lee BEATEY, Defendant–
Appellant.**

**No. 19799.**

Court of Appeals of Idaho.

Sept. 2, 1992.

Rehearing Denied Jan. 21, 1993.

Petition for Review Denied
March 11, 1993.

Van G. Bishop, Nampa, for defendant-appellant.

Larry J. EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

SILAK, Judge.

Terry Lee Beatey pled guilty to three counts of forgery, I.C. § 18–3601, a felony. The district court sentenced Beatey to three unified concurrent sentences of five years with three years' fixed and retained jurisdiction. Beatey was then placed on three years' probation. Probation was subsequently revoked and Beatey's sentences were reinstated, but reduced to four years with the fixed portion of the sentences set at two years. Beatey moved for a further reduction of the sentences under I.C.R. 35. After the district court denied his motion, Beatey appealed, arguing that the district court abused its discretion by not considering an additional drug/alcohol rehabilitation program. We affirm.

During the month of June, 1988, Beatey forged 29 checks drawn on his employer's account, for a total of $3,215. Beatey was charged with three counts of forgery. Beatey subsequently pled guilty on November 4, 1988, and was sentenced to three years fixed, followed by an indeterminate term of two years, for each count. The court ordered that the sentences be served concurrently and retained jurisdiction for 120 days. Jurisdiction was later extended for an additional 60 days because Beatey, released on an eight hour pass, had failed to return to the Nampa Community Work Center on time. During the additional period, Beatey was evaluated at North Idaho Correctional Institution (NICI) in Cottonwood. The Jurisdictional Review Committee recommended probation. On April 18, 1989, the district court suspended the execution of the sentences and placed Beatey on probation for three years.

On July 20, 1989, Beatey was found in possession of a .22 caliber automatic pistol, marijuana, and a spoon with drug residue. Additionally, the police found scales, syringes, and a bag containing .72 grams of methamphetamine in the car Beatey was driving. The district court, on September 1, 1989, ordered Beatey to attend a 28–day drug/alcohol program at NICI Orofino, after which the three-year probation would be reinstated. On July 8, 1991, the district court revoked probation because of a grand theft Beatey committed in November, 1990.

During the revocation hearing Beatey requested two alternatives to the sentences. He asked that the judge allow him to attend a four-month drug/alcohol rehabilitation program, or that his sentence be commuted to a term in the county jail. After a review of the documents in the case, the district judge refused Beatey's requests, revoked probation, and ordered the sentences into execution. However, the district judge modified the sentences by reducing the three-year fixed terms to two-year fixed terms, resulting in unified sentences of four years on each charge. Counsel for Beatey then informed the court that he had been requested by Beatey to file a Rule 35 motion and that under recent case law he was required to notify the court of the Rule 35 motion at the time of revocation in order to preserve Beatey's right. The district judge acknowledged that it was Beatey's right, but indicated

that he had in effect already granted a partial Rule 35 reduction.[1] The state argues that the Rule 35 motion was untimely because the written motion was filed after the revocation of probation and reinstatement of sentence. This argument is without merit. Beatey made an oral motion "upon revocation of probation" at the revocation hearing. *See State v. Hocker*, 119 Idaho 105, 803 P.2d 1011 (Ct.App.1991); *State v. Sutton*, 113 Idaho 832, 748 P.2d 416 (Ct.App.1987). There is no requirement in Rule 35 that a motion made at the time of the revocation of probation be in writing.

On October 11, 1991, Beatey filed a written motion documenting and supporting his oral motion of July 8, 1991. On December 27, 1991, the court denied the motion. Beatey filed a timely appeal. On appeal, Beatey claims that the district court erred in denying his Rule 35 motion by not adequately considering the goal of rehabilitation. For the following reasons, we affirm the district court.

■ Where a sentence is not challenged as to its legality, a Rule 35 motion is a plea for leniency, addressed to the sound discretion of the sentencing court. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct.App.1987). On appeal, we review the denial of a Rule 35 motion to determine from the record whether the facts, if any, presented in connection with the Rule 35 motion show that the district court abused its discretion in failing to grant the leniency requested. *State v. Wright*, 114 Idaho 451, 452, 757 P.2d 714, 715 (Ct.App.1988).

■ The criteria for evaluating a judge's refusal to reduce a sentence pursuant to a Rule 35 motion are the same criteria we consider in determining whether the original sentence was reasonable. *State v. Snapp*, 113 Idaho 350, 351, 743 P.2d 1003, 1004 (Ct.App.1987). In *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982), we explained that:

> [A] term of confinement is reasonable to the extent it appears necessary, at the time of sentencing, to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case.

*Toohill*, 103 Idaho at 568, 650 P.2d at 710. In determining whether a sentence is longer than necessary to achieve these goals, and thus unreasonable, we consider the actual term of confinement imposed in light of the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Shideler*, 103 Idaho 593, 594, 651 P.2d 527, 528 (1982); *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct.App.1982). The appellant bears the burden of showing that his sentence is unreasonable in light of these criteria. *Wright*, 114 Idaho at 453, 757 P.2d at 716. This court, however, will not substitute its own view for that of the sentencing judge where reasonable minds might differ. *Toohill*, 103 Idaho at 568, 650 P.2d at 710.

■ In reviewing a sentence imposed under the Unified Sentencing Act, we treat the minimum period specified by the sentencing judge as the probable duration of confinement. I.C. § 19–2513; *State v. Sanchez*, 115 Idaho 776, 777, 769 P.2d 1148, 1149 (Ct.App.1989). Thus, we view Beatey's actual term of confinement as two years. The maximum sentence the district court could have imposed on Beatey for this crime was fourteen years for each count. I.C. § 18–3604.

The forgery charges arose from Beatey's employment as a homecare aide for an elderly woman confined to a wheel chair. Beatey lived in a trailer on the woman's property and had access to her home. Beatey stated he removed, from a spare bedroom, a pad of checks belonging to his

1. The entire colloquy between Beatey's counsel and the court was as follows:
   COUNSEL: Your Honor, for the record, I understand under the recent ruling that we have to notify the Court at the time of a probation revocation that we intend on filing a Rule 35, and Mr. Beatey had asked me to file a Rule 35; and so just for protecting the record I want it to note that we will be moving for a Rule 35.
   COURT: Well, that's—that's your right, but in effect I just granted you a partial Rule 35.

employer, forged her name on the checks and used the money to buy drugs.

Beatey came from a home where he was mentally and physically abused by a stepfather. Beatey has fathered two children of his own, out of wedlock, but has never seen his youngest child and indicates he is hiding from the mother to avoid child support obligations. Beatey has stated that he began drinking alcohol and using illegal drugs in high school. He admits to using marijuana, LSD, PCP, crank, and intravenous cocaine. Although Beatey denied drug or alcohol addiction, he indicated that prior to his arrest he was so "strung out" he did not know what day it was. After interviewing Beatey, the presentence investigator indicated Beatey vacillated between repentance and belligerence over the crime. The PSI quoted Beatey as saying: "Two wrongs make a right. Bud didn't come through with his promises so I ripped off his mother. They should be thankful I didn't do more."

Beatey's PSI reveals that between 1978 and 1988 he was charged with three prior theft or burglary charges and one charge for discharging a firearm. In 1984, Beatey was arrested for burglary which was reduced to petit theft. He was given 60 days in jail, which was suspended and he was placed on probation for 24 months. This probation was later revoked. Two separate offenses in 1978 and 1986, theft and burglary, which occurred in Salem, Oregon, garnered him one year probation for each charge. The discharging a firearm violation arose out of an incident where Beatey tried to scare his girlfriend, who was threatening to turn him in on the forgery charges. This series of offenses indicates a disregard for the law as well as the safety and well-being of society.

█ Beatey argues that the district court failed to take into consideration the goal of rehabilitation. This argument is not well-founded. The fact that Beatey was arrested for drug possession and committed grand theft while on probation demonstrates Beatey's defiance of the laws of society and a disregard for rehabilitation. In the past, when the court granted Beatey

leniency, Beatey failed to take advantage of opportunities to rehabilitate himself outside of prison. When he was released on probation after a 28–day drug/alcohol program, Beatey, as exemplified by his arrest on drug-related charges, completely disregarded the conditions and strictures of his probation. The probation conditions were designed to help him rehabilitate in a noncustodial environment. These incidents show that the court gave Beatey a number of chances for rehabilitation which he chose to reject.

We conclude that Beatey's sentences of four years, with two years fixed, are not unreasonable in light of the nature of the crimes he committed and his character as revealed by his past criminal conduct and failures to comply with the rules of probation. The facts presented show that Beatey poses a threat to society. Beatey's fixed terms of two years' confinement are a reasonable measure to promote the primary objective of sentencing, which is to protect society. His sentences are also reasonable in light of sentencing's related goals of deterrence, rehabilitation, and retribution. Because we conclude that Beatey's sentences were reasonable when imposed, and we find nothing in the record presented subsequently to support his argument that his sentences should have been further reduced, we conclude that Beatey has failed to establish that the district court abused its discretion in denying his motion for a reduction of his sentences. Accordingly, we affirm.

WALTERS, C.J., concurs.

SWANSTROM, Judge, concurring specially.

I concur in the result reached herein but not for the same reasons stated in the majority opinion.

At the hearing where probation was revoked, Beatey's counsel displayed good advocacy by urging the court to consider less severe alternatives—if the court decided to revoke probation—rather than to require Beatey to serve out the full sentence previously imposed. Counsel's efforts evidently convinced the judge to reduce the previous five-year sentence with its fixed component

of three years down to a four-year sentence with two years fixed.

In effect, Beatey asked for and received the leniency which I.C.R. 35 allows the court to grant upon revocation of probation. Beatey expected more leniency than he received and his counsel was willing to try again. However, I disagree that he then made an oral Rule 35 motion. Rather, he simply spoke to "notify the court that we intend on filing a Rule 35 [motion] ... I want to note that we *will be moving* for a Rule 35." Three months after probation was revoked he filed the motion. I disagree that this procedure complies with I.C.R. 35.

Merely notifying the court that you intend on doing something in the future should not extend the time limits imposed by rule or statute. I would say that Beatey's motion was untimely and the district court should have dismissed it or denied it for that reason. The court also could have denied it because the written motion was nothing more than a motion asking the court to reconsider its prior decision to grant only limited relief. We have expressly held that such renewed requests under I.C.R. 35 are not allowed. *State v. Hickman,* 119 Idaho 7, 802 P.2d 1219 (Ct.App. 1990). For these reasons, I choose to concur only in the result reached in the majority opinion.