838 P.2d 873

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Chris Herbert ACHA, Defendant–Appellant.**

**No. 19864.**

Court of Appeals of Idaho.

Sept. 30, 1992.

Severt Swenson, Jr. of Swenson & Scoggin, Gooding, for defendant-appellant.

Larry J. EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Chris Herbert Acha pled guilty, pursuant to a plea agreement, to first degree burglary, I.C. §§ 18–1401, –1402 and –1404, and battery with the intent to commit rape, I.C. § 18–912. The district court sentenced Acha to a sentence of five years with two years' fixed for first degree burglary, to be served concurrently with an identical sentence previously imposed in a separate case, and a sentence of ten years with three years' fixed for battery with the intent to commit rape, to be served consecutively to the sentence on the first degree burglary conviction.

Acha did not file an appeal of the sentences but filed a Rule 35 motion. He appeals from the order on the Rule 35 motion entered after hearing, and from the "Amended Order on Motion to Reconsider Denial of Rule 35 Motion."[1] Acha claims that the district court abused its discretion in denying his Rule 35 motion in that the sentences were excessive under the circumstances. Acha claims the sentences are unreasonable because he believes both should run concurrently with the sentence on the prior charge. For the following reasons, we affirm.

Where a sentence is not challenged as to its legality, a Rule 35 motion is a plea for leniency, addressed to the sound discretion of the sentencing court. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct.App.1987). On appeal, we review the denial of a Rule 35 motion to determine from the record whether the facts, if any, presented in connection with the Rule 35 motion show that the district court abused its discretion in failing to grant the leniency requested. *State v. Wright*, 114 Idaho 451, 452, 757 P.2d 714, 715 (Ct.App.1988).

The criteria for evaluating a judge's refusal to reduce a sentence pursuant to a Rule 35 motion are the same criteria we consider in determining whether the original sentence was reasonable. *State v. Snapp*, 113 Idaho 350, 351, 743 P.2d 1003, 1004 (Ct.App.1987). In *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App.1982), we explained that:

> [A] term of confinement is reasonable to the extent it appears necessary, at the time of sentencing, to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case.

*Toohill*, 103 Idaho at 568, 650 P.2d at 710. In determining whether a sentence is long-

---

1. Acha's motion to reconsider the denial of his Rule 35 motion was the equivalent of a renewed request to reduce his sentence, which was impermissible because a defendant may not file more than one motion to reduce a sentence, under I.C.R. 35. *State v. Hickman*, 119 Idaho 7, 802 P.2d 1219 (Ct.App.1990). Nor would such a

motion to reconsider extend the time to appeal from the denial of a Rule 35 motion. *Id.* However, Acha's notice of appeal was filed within forty-two days following the denial of his Rule 35 motion, notwithstanding the intervening renewed motion and order denying reconsideration. Thus his appeal was timely.

er than necessary to achieve these goals, and thus unreasonable, we consider the actual term of confinement imposed in light of the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Shideler,* 103 Idaho 593, 594, 651 P.2d 527, 528 (1982); *State v. Reinke,* 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct.App.1982). The appellant bears the burden of showing that his sentence is unreasonable in light of these criteria. *Wright,* 114 Idaho at 453, 757 P.2d at 716. This Court, however, will not substitute its own view for that of the sentencing judge where reasonable minds might differ. *Toohill,* 103 Idaho at 568, 650 P.2d at 710.

▪ In reviewing a sentence imposed under the Unified Sentencing Act, we treat the minimum period specified by the sentencing judge as the probable duration of confinement. I.C. § 19–2513; *State v. Sanchez,* 115 Idaho 776, 777, 769 P.2d 1148, 1149 (Ct.App.1989). Thus, we view Acha's actual terms of confinement as two years and three years on the two charges, for a total of five years.[2] The maximum sentence the district court could have imposed on Acha for these crimes was not less than one nor more than fifteen years in prison for the crime of burglary and fifteen years in prison for the charge of battery with the intent to commit rape. I.C. §§ 18–1403 and 18–912.

▪ The facts in this case are that on April 2, 1991, Acha entered the victim's house, proceeded to the bedroom where he awakened the victim by rapidly turning the hall light off and on. She told Acha to shut off the light or close the bedroom door. Then Acha turned off the light, entered the bedroom, shutting the door behind him. He climbed on top of the victim and began kissing her while touching her breasts and buttocks through her clothing. She tried to scream, but Acha covered her mouth with his hand and threatened to kill her if she did not remain quiet. She was

unable to fight him off because Acha had pinned her hands against her body. After several minutes passed, another person came into the bedroom and attempted to push Acha off the victim. Acha then fled the scene.

Acha has a tenth grade education and has not been able to obtain gainful employment in order to maintain a residence for himself. He was on probation for assault with intent to commit rape at the time of this incident. One of the conditions of that probation was that Acha submit to counseling. Acha failed to complete the alcohol and mental health treatment programs ordered by the court. These are his third and fourth felony convictions in approximately four years. Acha's criminal record spans ten years, including his juvenile record. The fact that Acha was arrested on two felony charges while on probation demonstrates Acha's defiance of the laws of society and a disregard for rehabilitation. In the past, when the court granted Acha leniency, Acha failed to take advantage of opportunities to rehabilitate himself outside of prison. As exemplified by his arrest on these charges, Acha completely disregarded the conditions and strictures of his probation. The probation conditions were designed to help him rehabilitate in a noncustodial environment. These incidents show that the court gave Acha a number of chances for rehabilitation which he chose to reject.

Acha argues that the sentences imposed by the district court were excessive under the circumstances. He contends that the sentences are unreasonable because both should run concurrent with the sentence from the prior case. Acha claims that at the time of the Rule 35 hearing his prison progress report indicated he was enrolled in school and in the drug and alcohol program; that he has passed two out of the six required tests for his high school equivalency diploma; and that he is now taking

---

**2.** Assuming that the indeterminate portion of the burglary sentence is commuted upon completion of the two-year fixed term of that sentence, Acha will serve a minimum of five years in prison, followed by the seven-year indetermi-

nate period on the sentence for battery with intent to commit rape. *See State v. Ybarra,* 122 Idaho 11, 830 P.2d 522 (Ct.App.1992); *State v. Alberts,* 121 Idaho 204, 824 P.2d 135, 137–38 (Ct.App.1991).

advantage of the programs available to him. Acha argues that the consecutive nature of the sentence on the assault charge is excessive and is solely for retribution, and that the goals of sentencing would be better served if the sentences imposed would all be concurrent to the others.

We conclude that Acha's consecutive sentences of five years with two years' fixed for first degree burglary, and ten years with three years' fixed for battery with the intent to commit rape, are not unreasonable in light of the nature of the crimes he committed and his character as revealed by his past criminal conduct and failures to comply with the rules of probation. The facts presented show that Acha poses a threat to society. Acha's fixed terms of two years' and three years' confinement are reasonable, designed to promote the primary objective of sentencing, to protect society. His sentences are also reasonable in light of sentencing's related goals of deterrence, rehabilitation, and retribution. Because we conclude that Acha's sentences were reasonable when imposed, and we find nothing in the record presented subsequently to support his argument that his sentences should have been further reduced, we conclude that Acha has failed to establish that the district court abused its discretion in denying his motion for a reduction of his sentences. Accordingly, we affirm.