860 P.2d 20

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Robert F. HASTINGS, Defendant–
Appellant.**

No. 20089.

Court of Appeals of Idaho.

Aug. 17, 1993.

Petition for Review Denied Oct. 22, 1993.

Alan E. Trimming, Ada County Public Defender and Deborah A. Whipple, Deputy Public Defender, Boise, for appellant.

Larry EchoHawk, Atty. Gen. and Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for respondent.

PERRY, Judge.

Robert Hastings appeals from the judgment of conviction and sentence imposed following the entry of his guilty plea to sexual abuse of a child under the age of sixteen pursuant to I.C. § 18–1506. He also appeals from the district court's order on his I.C.R. 35 motion to reduce his sentence. We affirm.

Initially, Hastings claims that his unified sentence of ten and one-half years, with a minimum period of confinement of three and one-half years, is excessive. He argues that his sentence does not meet the sentencing goal of rehabilitation, given that

sex offender therapy is not available in prison and that as a matter of policy, sex offenders typically serve the full extent of their unified sentences. He argues, therefore, that his sentence is excessive and that the sentencing court abused its discretion in choosing short term retribution at the expense of achieving long term protection of society and deterrence through rehabilitation.

■ Where a sentence is within the statutory limits, it will not be reversed on appeal absent an abuse of discretion. *State v. Hedger*, 115 Idaho 598, 768 P.2d 1331 (1989). Under I.C. § 18–1506, Hastings could have received a sentence not to exceed fifteen years, the sentence which the prosecutor had recommended to the court. However, we will not conclude on review that the sentencing court abused its discretion unless the sentence is unreasonable under the facts of the case. *State v. Brown*, 121 Idaho 385, 825 P.2d 482 (1992).

■ The offense to which Hastings pled guilty involved repeated acts of fondling the breasts of his fifteen-year old daughter between April 1990 and April 1991. However, Hastings admitted that the fondling of his daughter had occurred over a ten year period, at a frequency of four to five times per month. The presentence report in this case disclosed that Hastings had received a withheld judgment for sexual abuse of his step-daughter in 1978. At that time, no sexual abuse evaluation was conducted and Hastings denied receiving any counseling. The district court was concerned that Hastings was preying on family members and that there was a significant likelihood of reoffense. The court considered the sentencing goals of retribution, deterrence and the protection of society. In ordering that Hastings be incarcerated, the court commented that Hastings had not availed himself of rehabilitative treatment in the past and that he would not now be released on probation in order to obtain treatment. Considering the sentencing criteria of *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982) and *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989), we conclude that Hastings'

unified sentence of ten and one-half years, with a minimum term of three and one-half years' confinement, was reasonable. Hastings has not shown that the district court misapplied the sentencing guidelines or otherwise abused its sentencing discretion.

■ Next, Hastings claims that the district court abused its discretion in refusing to reduce his sentence upon his Rule 35 motion to reconsider. Our inquiry on appeal from the denial of a Rule 35 motion is whether the facts presented in connection with the motion, when viewed in the context of information in the record, show that the district court abused its discretion in failing to grant the leniency requested. *State v. Wright*, 114 Idaho 451, 757 P.2d 714 (Ct.App.1988). The motion filed by Hastings was not accompanied by an affidavit or other evidence. We therefore examine the court's order denying the Rule 35 motion to determine whether the district court abused its discretion. The district court based its order on the supporting documentation available at sentencing. In its order, the court reiterated its rationale for the sentence imposed. Hastings has failed to show that the district court's decision was an abuse of discretion.

The original sentence of ten and one-half years, with a minimum term of confinement of three and one-half years, on the charge of sexual abuse of a child under the age of sixteen, is affirmed. The denial of the Rule 35 motion to reduce the sentence is also affirmed.

WALTERS, C.J., and LANSING, J., concur.