# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 46773/46774

STATE OF IDAHO, )
                                )
              Plaintiff-Respondent, )
                                )
v. )
                                )
FOREST GLENN SHUNN, )
                                )
              Defendant-Appellant. )
                                )

Filed: August 28, 2020

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Judgment of conviction for possession of a controlled substance and order granting Idaho Criminal Rule 35 relief, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Chief Judge

In two consolidated cases, Forest Glenn Shunn appeals from the district court's judgment of conviction in his 2018 possession of a controlled substance case and the order revoking probation in his 2017 grand theft case.[1] On appeal, Shunn alleges the district court abused its discretion by imposing an excessive sentence for his 2018 possession of a controlled substance conviction. Additionally, in his 2017 and 2018 cases, Shunn argues the district court abused its discretion by not treating letters submitted by Shunn as pro se Idaho Criminal Rule 35 motions

---

[1] Supreme Court Docket No. 46773 was assigned to Shunn's appeal from the 2017 revocation of probation in his grand theft case. Supreme Court Docket No. 46774 was assigned to Shunn's appeal from the 2018 possession of methamphetamine conviction. The Supreme Court consolidated the cases under Supreme Court Docket No. 46773 for all appellate purposes.

1

and by failing to consider the information contained in those letters. Because the district court did not abuse its discretion in Shunn's sentence or in its Rule 35 order, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Shunn appeals from the district court's judgment of conviction in his 2018 possession of a controlled substance case and the order revoking probation in his 2017 grand theft case. In order to understand the context of Shunn's appeal, a review of Shunn's relevant criminal history and sentences is required.

In 2014, Shunn was convicted of possession of a controlled substance. The district court imposed a unified sentence of seven years, with three years determinate, suspended the sentence, and placed Shunn on probation. In 2015, Shunn was convicted of burglary. The district court imposed a unified sentence of one year determinate to run consecutive to his 2014 sentence, suspended the sentence, placed Shunn on probation, and continued the period of probation in the 2014 case. In 2017, Shunn plead guilty to an amended charge of grand theft and the district court imposed a unified sentence of ten years, with three years determinate, with the sentence to run consecutive to Shunn's 2014 and 2015 sentences, suspended the sentence, and placed Shunn on probation. The district court again continued the periods of probation for the 2014 and 2015 cases. Thus, following Shunn's 2017 conviction for grand theft he faced an aggregate, unified sentence of eighteen years, with seven years determinate for the 2104, 2015, and 2017 cases.

In 2018, approximately three and one-half months after Shunn's 2017 grand theft sentencing, Shunn's probation officer discovered methamphetamine and drug paraphernalia during a check of Shunn's residence. Subsequently, Shunn plead guilty to possession of a controlled substance and to violating the terms of his probation. The district court held a hearing on September 4, 2018. During the hearing, the district court discussed Shunn's mental health concerns and his current medication regimen:

Court: What are your current medications?
Shunn: I'm on--it's Geodon and Effexor, but they're generic versions. It's Ziprasidone and Venlafaxine, and they were trying to add on Haldol-- Haldol I think it is.
Court: And before you went into custody where were you treating your mental health?
Shunn: At--I just started at Ambitions, but before that it was at Alliance, but the-- the guy I was having one-on-ones with is more like a counselor I guess instead of a therapist.

Court: So were you using--were you on your medications when you committed this new crime, possession of a controlled substance, methamphetamine?

Shunn: No. I--when--

Court: When did you stop?

Shunn: I stopped just right at that time because the--my medication, the side effect knocks you out.

Court: So you decided to discontinue.

Shunn: No. I didn't discontinue, no. I just didn't take it when I--when I used meth.

The district court sentenced Shunn to seven years, with one year determinate, to run consecutive to Shunn's 2014, 2015, and 2017 sentences. The district court revoked Shunn's probation in his 2014, 2015, and 2017 cases and ordered the execution of the underlying sentences. Shunn's aggregate, unified sentence was twenty-five years, with eight years determinate. After orally pronouncing Shunn's sentence, the district court stated:

> And a lot of resources have been poured your direction, and I don't know that there really is anything more to do. The present charge is perhaps not all that concerning from a public safety standpoint, but your prior offenses are. Your prior offenses hurt the public, your prior offenses hurt other people, and you've been consistently at it for quite some time. It amazes me why you would even think to use meth, but I--I can somewhat rationalize that. What I can't rationalize is your decision to discontinue your mental health medications.

On September 13, the district court received a handwritten letter from Shunn. Shunn expressed fear of spending many years in prison and asked the district court to reconsider the sentence by giving him a chance at a period of retained jurisdiction. Shunn explained he repented, stressed that his crimes were nonviolent, and conveyed that a period of retained jurisdiction would greatly benefit his mental health. Additionally, Shunn stated that when he told the district court during sentencing that he briefly stopped taking his medications, he was referring to pain medications prescribed to him for a pinched nerve, not his psychiatric medications and that he could provide the court with further information about these medications at a Rule 35 motion hearing. On September 17, the district court received another letter from Shunn describing his abusive childhood and use of drugs to cope with his mental health issues. Shunn stressed that he consistently took his psychiatric medications and once again asked the district court for leniency.

On September 17, the district court *sua sponte* reduced Shunn's sentence pursuant to Rule 35 "noting no I.C.R. 35 motion has been filed by counsel for FORREST GLEN SHUNN, to

3

date."[2]  The district court reduced the determinate sentences imposed in Shunn's 2014 possession conviction from a unified term of seven years, with three years determinate, to a unified term of seven years, with one year determinate, and in the 2017 grand theft conviction from a unified term of ten years, with three years determinate, to a unified term of ten years, with two years determinate.  The district court did not reduce Shunn's sentences related to the 2015 burglary or the 2018 possession convictions.  This reduced the aggregate determinate portion of Shunn's sentences from eight years to five years, but the aggregate unified term of incarceration for all convictions, twenty-five years, remained the same.  The district court's order stated that the intended effect of the modification was to reduce the determinative portion of Shunn's sentence, after giving Shunn credit for time served, from approximately 5.4 years to 2.6 years, at which time Shunn would be eligible for parole.  On October 26, 2018, Shunn appealed.

## II.

## STANDARD OF REVIEW

An appellate review of a sentence is based on an abuse of discretion standard.  *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000).  Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and, thus, a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992).  A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case.  *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982).  A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution applicable to a given case.  *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).  Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest.  *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982).  When reviewing the length of a sentence, we consider the defendant's entire sentence.  *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

---

[2]  On October 1, 2018, the district court entered an amended order granting Shunn Idaho Criminal Rule 35 relief to correct a typographical error regarding Shunn's 2018 sentence for possession of a controlled substance.  The district court dated the amended order, *nunc pro tunc*, to the date of its original Rule 35 order, September 17, 2018.

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting an I.C.R. 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of an I.C.R. 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987).

## III.

## ANALYSIS

Shunn argues that the district court abused its discretion by imposing an excessive sentence in Shunn's 2018 possession of a controlled substance case. Additionally, Shunn alleges the district court abused its discretion in its Rule 35 order. In response, the State contends that Shunn's appeal from the district court's judgment of conviction was untimely and therefore, Shunn cannot challenge the court's original judgment relating to the 2018 sentence for possession of a controlled substance. In addition, the State asserts the district court did not abuse its discretion in its Rule 35 order.

**A.      Shunn Timely Filed His Appeal From the District Court's Judgment of Conviction in the 2018 Possession of a Controlled Substance Case**

The State argues that because Shunn did not file a Rule 35 motion and Shunn's appeal was filed more than forty-two days from the judgment of conviction in the 2018 possession of a controlled substance case, Shunn's appeal is only timely from the district court's amended judgment reducing his sentences.

Pursuant to Idaho Appellate Rule 21, failure to file a notice of appeal with the clerk of the district court within the time limits prescribed by the appellate rules deprives the appellate courts of jurisdiction over the appeal. Idaho Appellate Rule 14 provides, in part:

> Any appeal . . . may be made only by physically filing a notice of appeal with the clerk of the district court within 42 days from the date evidenced by the filing stamp of the clerk of the court on any judgment, order, or decree of the district court appealable as a matter of right in any civil or criminal action.

A Rule 35 motion extends the time for filing an appeal from the underlying judgment only if it is filed "within fourteen (14) days of the entry of judgment." I.A.R. 14(a); *see State v.*

5

*Repici*, 122 Idaho 538, 540, 835 P.2d 1349, 1351 (Ct. App. 1992). This Court has held that an informal letter from a defendant, seeking reconsideration of his sentence, may qualify as a Rule 35 motion for the purposes of meeting the deadline to file such motions. *State v. Torres*, 107 Idaho 895, 897, 693 P.2d 1097, 1099 (Ct. App. 1984) (holding defendant's letter qualified as a motion and therefore met previous 120-day deadline to file motion seeking reduction in sentence).

Here, nine days after entry of sentence in Shunn's 2018 possession case and revocation of probation in Shunn's 2017 grand theft case, the district court received a letter from Shunn. In the letter, Shunn explained why he felt the sentence was excessive and asked the district court for leniency. Shunn also wrote that he would present evidence to support his contentions at a Rule 35 motion hearing.[3] Although not explicitly styled as a Rule 35 motion, Shunn's September 13 letter was sufficient to be treated as a Rule 35 motion for the purposes of meeting the fourteen-day deadline. Four days after the letter was filed, the district court entered an order reducing Shunn's 2014 possession and 2017 grand theft sentences, and Shunn filed an appeal thirty-nine days later. Because Shunn filed a Rule 35 motion within fourteen days of the judgment of conviction, he tolled the time for filing an appeal. Shunn filed his subsequent notice of appeal within forty-two days from the entry of the district court's amended Rule 35 order. Consequently, Shunn's notice of appeal was timely both from the judgment of conviction in his 2018 possession case and from the Rule 35 order reducing Shunn's 2014 possession and 2017 grand theft sentences.

**B.      The District Court Did Not Abuse Its Discretion in Shunn's 2018 Possession Case by Imposing a Sentence of Seven Years, With One Year Determinate, to Run Consecutive to His 2014, 2015, and 2017 Sentences**

Shunn alleges the district court abused its discretion when it imposed a seven-year sentence, with one year determinate, for possession of a controlled substance to be served consecutive to Shunn's 2014, 2015, and 2017 sentences. Although within the statutory guidelines for possession of a controlled substance, Shunn asserts this sentence was excessive under any view of the facts because he "went from being on supervised probation, to serving a sentence of imprisonment of up to 25 years, based on his possession of a small quantity of

---

[3]      This Court notes that, pursuant to the mailbox rule, the timeliness of an incarcerated defendant's filings is determined by the date at which the individual conveys the document to the prison authorities. *Hayes v. State*, 143 Idaho 88, 91, 137 P.3d 475, 478 (Ct. App. 2006).

methamphetamine and drug paraphernalia." Shunn argues that the district court imposed a much lengthier sentence than the State recommended (a unified sentence of five years, with two years determinate, to be served concurrently with the other sentences) and based its decision on Shunn's previous offenses and a mistaken belief that Shunn had discontinued taking his psychiatric medications.

Idaho Code § 37-2732(c)(1) provides that:

> Any person who violates this subsection and has in his possession a controlled substance classified in schedule I which is a narcotic drug or a controlled substance classified in schedule II, is guilty of a felony and upon conviction may be imprisoned for not more than seven (7) years, or fined not more than fifteen thousand dollars ($15,000), or both.

The sentencing decision rests within the discretion of the trial court. *State v. Ramirez*, 121 Idaho 319, 324, 824 P.2d 894, 899 (Ct. App. 1991). We presume that the determinate portion of the sentence will be the individual's probable term of confinement. *Oliver*, 144 Idaho at 726, 170 P.3d at 391. Whether or not the defendant serves longer than the determinate portion of the sentence is left to the sole discretion of the parole board, and courts cannot intrude on this discretion when fashioning or reviewing a sentence. *Id*. When imposing a sentence, the trial court may consider an individual's past criminal conduct and failure to comply with the terms of probation. *See State v. Acha*, 122 Idaho 744, 747, 838 P.2d 873, 876 (Ct. App. 1992). Although the State may recommend a particular sentence, the recommendation is purely advisory. *Ramirez*, 121 Idaho at 324, 824 P.2d at 899. A court does not abuse its discretion by imposing a sentence different from the one urged by the State. *Id.*

Shunn alleges that he was sentenced to up to twenty-five years for possession of a relatively small amount of methamphetamine. However, the district court sentenced Shunn to a unified term of seven years, with one year determinate, for Shunn's 2018 possession conviction. Because the conviction violated the terms of Shunn's probation in three previous cases, the district court revoked Shunn's probation and ordered Shunn to serve his underlying sentences in all three cases. Thus, it is the revocation of probation and execution of Shunn's three previously suspended felony sentences, in combination with the 2018 sentence, which resulted in Shunn serving an aggregate, twenty-five year sentence, not the possession of a small amount of methamphetamine

We cannot say Shunn's sentence of seven years, with one year determinate, for possession of a controlled substance, which fell within the statutory guidelines, was

unreasonable. At the sentencing hearing Shunn admitted that his criminal record included eight felony convictions. These convictions included four separate felony convictions of burglary, grand theft, and possession of a controlled substance during the immediately preceding five-year period. Previous alternatives to incarceration, including suspended sentences, multiple opportunities of probation, and mental health court proved unsuccessful in curbing Shunn's criminality. Thus, the record demonstrates both the length of Shunn's criminal record, Shunn's inability to successfully comply with the terms of his probation, and the ineffectiveness of alternatives to incarceration in changing his criminal behavior.

This Court recognizes Shunn's long-standing mental health issues and that significant mental health conditions often require long-term treatment beyond the scope of the criminal justice system. But, Shunn's mental health issues do not negate the district court's proper consideration of Shunn's criminal record. Given Shunn's criminal history and his demonstrated inability to comply with the terms of probation, we cannot say that a sentence of seven years, with one year determinate, to run consecutive to his 2014, 2015, and 2017 sentences is unreasonable under any view of the facts. Therefore, the district court did not abuse its discretion in imposition of Shunn's 2018 possession of a controlled substance sentence.

**C.    The District Court Did Not Abuse Its Discretion in Its Rule 35 Order Reducing Shunn's 2014 Possession and 2017 Grand Theft Sentences**

Shunn alleges the district court abused its discretion in its Rule 35 order reducing his 2014 possession of a controlled substance and 2017 grand theft sentences because the court did not treat his September 13 and September 17 letters as Rule 35 motions and did not consider the information contained in the letters in its determination. In response, the State contends there is no evidence in the appeal record that the district court did not consider Shunn's letters and Shunn failed to show the sentences the district court did reduce remained excessive. Alternatively, the State argues the district court did not abuse its discretion by not considering Shunn's letters as Rule 35 motions or evidence in support of a Rule 35 motion.

Shunn relies on *State v. Torres*, 107 Idaho 895, 693 P.2d 1097 (Ct. App. 1984) to support his assertion that the district court abused its discretion by limiting the information before it because it did not consider Shunn's letters in its determination. In *Torres*, at a Rule 35 motion hearing, Torres offered a social worker's evaluation as evidence that supported his request for a reduced sentence. *Id.* at 898, 693 P.2d at 1100. The district court explicitly excluded the evidence, in part finding it was constrained to consider only the information available to the prior

8

judge when the sentence was imposed. *Id.* On appeal, this Court found the district court unduly limited its own discretion by finding it could only consider the information that was before the original sentencing court; a defendant should be able to present fresh information about himself or his circumstances in support of his motion for a reduction of his sentence. *Id.*

Here, in contrast to *Torres*, there is no evidence in the record that the district court excluded consideration of Shunn's letters in its decision. On September 13, the district court received Shunn's first letter asking for leniency and four days later, the court received Shunn's second letter. That same day, the district court granted Shunn relief pursuant to Rule 35 and reduced his 2014 possession and 2017 grand theft sentences. The district court found that reducing these sentences served the sentencing factors of protection of the public, retribution, deterrence, and rehabilitation. In its order, the district court noted that it was reducing Shunn's sentence *sua sponte*, because Shunn's *counsel* had not yet filed a Rule 35 motion on Shunn's behalf. Therefore, the record only contains evidence that the district court received Shunn's letters, believed a sentence reduction was appropriate, recognized that Shunn's counsel had not filed a Rule 35 motion, and reduced Shunn's sentences.

Further, Shunn does not persuade this Court that the information provided in the letters warranted a further reduction in his sentences. Shunn contends that his letters assert that the district court mistakenly believed that Shunn stopped taking his psychiatric medications and this mistaken belief was, in part, the basis for its sentencing determination. Consequently, Shunn reasons the new information--that Shunn stopped taking his pain medication and not his psychiatric medications--should have resulted in a lower aggregate sentence. The assertion that the district court mistakenly believed Shunn stopped taking his psychiatric medications is undermined by the transcripts of the sentencing hearing, which demonstrate that the district court discussed Shunn's mental health status, clarified which medications Shunn was taking for his mental health, and asked Shunn if he was taking his medications. Shunn explained he quit taking his medications when he used methamphetamine because the psychiatric medications "knocked him out." The context of this exchange was Shunn's mental health, not his physical health. However, even if Shunn is correct and the district court was mistaken, Shunn does not establish that his clarification would have warranted a reduction in his sentence. The record indicates the district court's sentencing decision was primarily influenced by Shunn's criminal record, the

9

impact Shunn's crimes had on the community, and Shunn's unsuccessful attempts on probation not on whether he was medication compliant.

Ultimately, the district court's Rule 35 order reduced the cumulative determinate portions of Shunn's 2014 possession sentence by two years and his 2017 grand theft sentence by one year. Prior to Shunn's conviction for the 2018 possession case, he was subject to an aggregate, determinate sentence of seven years for his 2014, 2015, and 2017 convictions. After Shunn's 2018 possession conviction and the district court's subsequent Rule 35 order, Shunn is subject to an aggregate, determinate sentence of five years for his 2014, 2015, 2017, and 2018 convictions. Shunn does not provide compelling argument for why his sentences warrant a further reduction beyond that ordered by the district court. Shunn has a lengthy criminal history, which includes felony burglary, grand theft, and possession of controlled substances convictions. Further, Shunn possessed a controlled substance while on probation for three other felony convictions. In view of this history, we cannot say that the district court abused its discretion by not reducing Shunn's sentences further.

## IV.

## CONCLUSION

The district court did not abuse its discretion by sentencing Shunn to seven years, with one year determinate, for possession of a controlled substance to run consecutive to Shunn's 2014 possession, 2015 burglary, and 2017 grand theft sentences. Additionally, the district court did not abuse its discretion in its Rule 35 order reducing Shunn's 2014 possession and 2017 grand theft sentences. Accordingly, the district court's judgment of conviction and sentences and Rule 35 order are affirmed.

Judge GRATTON and Judge LORELLO **CONCUR**.