819 P.2d 1153

STATE of Idaho, Plaintiff–Respondent,

v.

Salomon JIMENEZ, Defendant–
Appellant.

No. 19230.

Court of Appeals of Idaho.

Oct. 31, 1991.

Alan E. Trimming, Ada County Public Defender, Timothy L. Hansen, Deputy Public Defender, Boise, for defendant-appellant.

Larry J. EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

SILAK, Judge.

Salomon Jimenez pled guilty to one count of operating a motor vehicle while under the influence of alcohol (D.U.I.), a felony. I.C. §§ 18–8004, 8005(3). The district court imposed a unified sentence of five years in the custody of the Board of Correction, with a minimum period of confinement of one year. Jimenez took no direct appeal from the judgment or sentence imposed by the district court; however, he timely filed a motion under I.C.R. 35 for reduction of his sentence. In his motion, Jimenez requested the court to suspend the balance of his sentence and to release him on probation. After the district court denied his motion, Jimenez appealed, arguing that the district court abused its discretion by not reducing his sentence under Rule 35. We

affirm the district court's order denying relief under Rule 35.

Where a sentence is not challenged as to its legality, a Rule 35 motion is a plea for leniency, addressed to the sound discretion of the sentencing court. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct.App.1987). On appeal, we review the denial of a Rule 35 motion to determine from the record whether the facts, if any, presented in connection with the motion show that the district court abused its discretion in failing to grant the leniency requested. *State v. Wright*, 114 Idaho 451, 452, 757 P.2d 714, 715 (Ct.App.1988).

The criteria for evaluating a judge's refusal to reduce a sentence are the same as those applied in determining whether the original sentence was unreasonable. *State v. Snapp*, 113 Idaho 350, 351, 743 P.2d 1003, 1004 (Ct.App.1987). In *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982), we explained that a sentence is reasonable to the extent that it appears necessary, at the time of sentencing, to accomplish the primary objective of protecting society and to achieve any or all the related goals of deterrence, rehabilitation and retribution. The appellant bears the burden of showing that his sentence is unreasonable. *Wright*, 114 Idaho at 453, 757 P.2d at 716.

The facts in this case can be briefly stated. Jimenez was arrested in Ann Morrison Park in April, 1990, when an officer observed that he had failed to yield the right of way to another vehicle. After conducting a sobriety test, Jimenez was charged with D.U.I. This was Jimenez's third D.U.I. charge within the preceding five years. Pursuant to a plea bargain agreement, Jimenez pled guilty to the charge of D.U.I. and also admitted probation violations in two prior D.U.I. cases against him. In exchange, the state agreed to recommend probation and no more than one year in the Ada County jail, and not to oppose a work-release for Jimenez while serving his sentence. In the other two probation violation cases, the state agreed to recommend a commuted sentence in each case of not more than one year in the Ada County Jail with work-release, all sentences to run concurrent.

Jimenez appeals the district court's denial of his Rule 35 motion. In so ruling, the district court stated that "the original sentence imposed was and continues to be reasonable under all the circumstances and not unduly harsh." Jimenez does not contend that the sentence imposed by the district court was illegal. Rather, he asserts that his sentence is unreasonable in light of mitigating factors which should warrant a reduced sentence.

In reviewing a sentence imposed under the Unified Sentencing Act, we treat the minimum period specified by the sentencing judge as the probable duration of confinement. I.C. § 19–2513; *State v. Kysar*, 116 Idaho 992, 999, 783 P.2d 859, 866 (1989); *State v. Sanchez*, 115 Idaho 776, 777, 769 P.2d 1148, 1149 (Ct.App.1989). Thus, we view Jimenez's term of confinement as one year. Jimenez must establish that, under any reasonable view of the facts, the one-year period of confinement he received for operating a motor vehicle while under the influence of alcohol was an abuse of discretion. This court will not substitute its own view "for that of the sentencing judge where reasonable minds might differ." *Toohill*, 103 Idaho at 568, 650 P.2d at 710.

In reviewing the reasonableness of a sentence, we conduct an independent examination of the record, focusing upon the nature of the offense and the character of the offender. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct.App.1982). Jimenez was convicted of operating a motor vehicle while under the influence of alcohol, a felony. The maximum sentence the district court could have imposed on Jimenez for this crime was five years imprisonment and a fine of up to $5,000. I.C. § 18-8005(3). Instead, the district court imposed a unified sentence of five years, with a minimum of one year fixed.

Jimenez has been convicted of driving under the influence on seven occasions, three of them charged as felonies. Jimenez's current D.U.I. was committed while

he was still on probation for a 1988 D.U.I. conviction for which the district court ordered a four-year unified sentence with one year fixed. The sentence was suspended and Jimenez was placed on probation and ordered to serve one year in the Ada County jail. Even though this sentence spared Jimenez from having to go to prison at that time, the special treatment did not deter him from repeating the same crime in 1990. Jimenez's criminal record also includes a conviction for delivery of a controlled substance. He has received at least two sentences with retained jurisdiction and has had numerous probation violations.

Jimenez's sentence is reasonable in light of the nature of the crimes he committed and his character as revealed by his extensive criminal history of alcohol-and-drug-related offenses. The facts presented show that Jimenez is a threat to society. Jimenez's sentence of one year's fixed confinement, and four years indeterminate, is a reasonable measure to promote the primary objective of sentencing, which is to protect society. The sentence is also reasonable in view of sentencing's related goals of deterrence, rehabilitation and retribution. Jimenez's sentence was reasonable when imposed. His argument that the remainder of his sentence should be suspended and probation imposed in order that he might participate in an alcohol rehabilitation program is not persuasive, particularly since Jimenez had previously participated in such programs and had nevertheless reoffended. Jimenez has failed to establish that the district court abused its discretion in denying his motion for reduction of his sentence.

The order denying relief under I.C.R. 35 is affirmed.

WALTERS, C.J., and SWANSTROM, J., concur.