819 P.2d 1151

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Aristeo ZAMARRIPA, Defendant–Appellant.**

**No. 19210.**

Court of Appeals of Idaho.

Oct. 31, 1991.

Aristeo Zamarripa, pro se.

Larry J. EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

The defendant, Aristeo Zamarripa, appeals from an order of the district court denying Zamarripa's motion to reduce his sentences imposed on two felony convictions. The motion was denied by the court on the ground that the court lacked jurisdiction to grant the motion because it was not timely filed. We agree with the district court and affirm the order.

■ In March, 1990, Zamarripa pled guilty to felony driving under the influence, I.C. § 18–8004, and to felony driving

without privileges, I.C. § 18–8001. He received a five-year unified sentence, with two years' minimum period of confinement, on the DUI charge and a three-year unified sentence, also with two years' minimum period of confinement, on the other charge. Both sentences were ordered to be served concurrently. After a period of retained jurisdiction, the balances of the sentences were suspended and Zamarripa was released on probation on September 14, 1990. Approximately two months later, a report of probation violation was filed and Zamarripa subsequently admitted the allegations in the report. The district court revoked probation and ordered execution of the sentences on November 21, 1990. On January 10, 1991, Zamarripa filed a motion under I.C.R. 35 to reduce his sentences. Relying on this Court's decision in *State v. Corder*, 115 Idaho 1137, 772 P.2d 1231 (Ct.App. 1989), the district court denied Zamarripa's motion on the ground that the court lacked jurisdiction because the motion had not been made at the time Zamarripa's probation was revoked and was therefore untimely.

Idaho Criminal Rule 35 authorizes a court to reduce a lawful sentence within 120 days after the sentence is imposed, within 120 days after the court releases retained jurisdiction, or upon revocation of probation. These filing limitations are jurisdictional restraints on the power of the sentencing court; unless a Rule 35 motion is filed within the appropriate period, the court lacks authority to grant relief. *Corder, supra.* See also *State v. Morris*, 119 Idaho 448, 807 P.2d 1286 (Ct.App.1991); *State v. Hocker*, 119 Idaho 105, 803 P.2d 1011 (Ct.App.1991). When a reduction of a sentence is sought upon revocation of probation, the motion cannot be filed after the prison sentence has been ordered into execution. *Id.; State v. Sutton*, 113 Idaho 832, 748 P.2d 416 (Ct.App.1987).

Zamarripa acknowledges that his motion was not filed "upon revocation of probation." However, he asserts that the motion nonetheless was timely filed, using the following syllogism: he first contends that the court's period of retained jurisdiction ended on September 14, 1990, when the court decided to release Zamarripa from custody and place him on probation. Upon that premise, he claims his motion was timely because it was filed within 120 days from the September 14 date.

We are not persuaded by this analysis. The court's jurisdiction, retained pursuant to I.C. § 19–2601(4) was not relinquished or released when the court decided to suspend the balance of Zamarripa's sentences and grant him probation. In fact, the court's jurisdiction continued in place while Zamarripa was on probation. At no time did the court release its jurisdiction under the retained jurisdiction option afforded by I.C. § 19–2601(4). Because there was no release of the retained jurisdiction permitted by that statute, the time period—120 days—for filing a Rule 35 motion predicated upon such an event simply never began. The only subsequent event that could trigger the application of Rule 35 was the revocation of Zamarripa's probation. As found by the district court, no motion was filed at that time, so the issue of reduction was not presented to the court as an alternative disposition to the probation revocation.

We conclude that the motion to reduce Zamarripa's sentences, made after the court had revoked his probation and ordered the sentences into execution, was untimely. Because the motion was untimely, the court lacked authority to grant the motion. Therefore, we affirm the order of the district court denying relief to Zamarripa on his motion to reduce his sentences.