822 P.2d 31

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Lisa RAMBO, Defendant–Appellant.**

No. 18912.

Court of Appeals of Idaho.

Dec. 2, 1991.

Van G. Bishop, Nampa, for defendant-appellant.

Larry J. EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

The defendant, Lisa Rambo,[1] appeals from a district court minute-entry order denying her Idaho Criminal Rule 35 motion to reduce her sentences imposed on two felony convictions. The court dismissed the motion on the ground that the court lacked jurisdiction to rule on the motion because it was untimely filed. We agree with the district court and affirm the ruling.

Pursuant to plea negotiations, Rambo pled guilty to one count of forgery and another forgery count was dismissed. I.C. § 18–3601. On October 28, 1986, the district court withheld judgment and ordered a five-year term of probation. When Rambo later admitted to a probation violation, the court, on October 25, 1988, revoked her probation, imposed a five-year indeterminate sentence, and ordered a 120–day period of retained jurisdiction. On October 20, 1988, in a separate case before a different district judge, Rambo pled guilty to one count of forgery and was sentenced to a two-year fixed term, with the court also retaining jurisdiction for 120 days. The two sentences were to run concurrently. The period of retained jurisdiction in both cases was extended for sixty days. Following the 180–day period, the Idaho State Department of Correction Review Committee recommended that the district court place Rambo on supervised probation. Both district judges accepted the recommendation. On March 17, 1989, Rambo was placed on supervised probation, and

---

1. The majority of the court documents contained in the record before us spell the defendant's last name "Rambow," while the notice of appeal, other documents and the briefs submitted to us spell her name Rambo. We will spell her name consistently with the briefs submitted and the case as docketed, however, we note that the appellant's signature in some of the court documents reflects the Rambow spelling.

her sentences in the two cases were suspended.

On April 9, 1990, after Rambo admitted additional probation violations, the court once again revoked her probation and executed her two previously suspended sentences. On August 9, 1990, Rambo filed a Rule 35 motion for reduction of her sentence. The district court considered the timeliness of the motion and concluded that it did not have jurisdiction to decide the Rule 35 motion filed four months *after* the revocation of probation.

Rambo asserts that she filed her request for reduction of sentence pursuant to the district judge's advisement of her rights at the revocation hearing. Accordingly, the issue before us is whether the district court misled Rambo into believing that she had additional time past the April 9, 1990, probation revocation hearing to file a Rule 35 motion and thus, whether she is entitled to have the district court consider her Rule 35 motion on its merits.

At the probation revocation hearing, the court refused to reinstate the probation and ordered the previously suspended sentences executed. The judge stated that Rambo needed supervision and further pointed out that neither of the two rehabilitation centers where Rambo requested she be treated were secure facilities. The judge concluded the April 9 probation revocation hearing by stating:

> You're committed to the custody of the Canyon County Sheriff to be transported to the Idaho State Board of Corrections. I need to tell you in case nobody has ever told you, you have three rights. One right is within 120 days to file a Motion for Reconsideration of Sentence. I'm not sure you have that right unless they reworded it. You need to file a Motion for Reconsideration of Sentence at the time the Court enters a revocation of probation on a probation violation. But the other rights you have are 42 days from today's date to file an appeal and

within five years from today's date file post-conviction relief proceedings.

■ It is clear that there are time limitations upon the filing of Rule 35 motions which amount to jurisdictional restraints upon the ability of courts to reduce lawful sentences pursuant to I.C.R. 35.[2] *State v. Hocker,* 119 Idaho 105, 106, 803 P.2d 1011, 1012 (Ct.App.1991); *State v. Parrish,* 110 Idaho 599, 716 P.2d 1371 (Ct.App.1986). We have noted, however, that under certain circumstances, exceptions may apply to the jurisdictional limitations. We have stated that " 'where a defendant or his counsel is affirmatively misled by some government authority as to the filing deadline for a Rule 35 motion, a late filing will not deprive the court of jurisdiction.' " *State v. Corder,* 115 Idaho 1137, 1140, 772 P.2d 1231, 1234 (Ct.App.1989) (citing *State v. Parrish, supra*). We exercise free review over the legal issue of whether we should apply the above exception to the rigid time requirements of filing Rule 35 motions to Rambo's case. *State v. Corder, supra.*

In *Corder,* the district judge informed the defendant of his right to post-conviction relief proceedings and his right to appeal. The judge then stated:

> [a]nd you do not have at this point an opportunity for a Rule 35 Motion, from my reading of the rule and the case decisions. That may have expired, but you do have a right to have an attorney to represent you on a Motion for Modification of the Sentencing, if the time has not expired.

*Id.* at 1139, 772 P.2d at 1233. We stated that these remarks seemed to indicate that the defendant could not at that time seek a reduction in his sentences pursuant to Rule 35, but that he may be able to do so later. *Id.* Corder then filed a Rule 35 motion forty-nine days after the revocation hearing. We held that the judge erred by misleading Corder, and that the district court

---

**2.** I.C.R. 35 provides in part:

The court may reduce a sentence within 120 days after the sentence is imposed or within 120 days after the court releases retained jurisdiction. The court may also reduce a sentence upon revocation of probation as provided by law.

must consider his Rule 35 motion on its merits.

■ Rambo contends that the judge's statement that she could file a motion for reconsideration of sentence "within 120 days" misled her into believing that she had additional time to file a Rule 35 motion for reduction of her sentence. Rambo relies upon *State v. Corder, supra,* and *State v. Hocker, supra,* and asserts that the governmental misleading exception applies to her case. Rambo also attributes her untimely Rule 35 motion to other alleged misleading language contained in two letters written by the district judge in response to letters written by Rambo and her sister. Rambo has attached copies of these letters to her brief, however, she did not pursue any augmentation of the record. Therefore, we cannot address this aspect of Rambo's argument because the judge's letters are not part of our record. *See, e.g., State ex rel. Ohman v. Talbot,* 120 Idaho 825, 820 P.2d 695 (S.Ct.1991).

■ As Rambo asserts, the district judge's comment that Rambo had 120 days to file a motion for reconsideration was incorrect given the stage of the case. Rambo's Rule 35 motion was filed August 9, 1990. The 120–day period in which to file a Rule 35 motion from the date of imposition of the sentences had expired, because the two sentences were imposed on October 20, and 25, 1988, respectively. I.C.R. 35; *see, State v. Salsgiver,* 112 Idaho 933, 736 P.2d 1387 (Ct.App.1987). Furthermore, the court effectively never released its retained jurisdiction under I.C. § 19–2601(4) because following the 180–day retained jurisdiction rider, the court suspended the previously imposed sentences and imposed probation once again. *State v. Zamarripa,* 120 Idaho 751, 819 P.2d 1151 (Ct.App.1991). Consequently, the 120–day time period for filing a Rule 35 motion after the court "releases retained jurisdiction" never began to run. *Id.;* I.C.R. 35. The record reflects that Rambo did not move for a modification of her sentence at the April 9 revocation of probation hearing which was the last opportunity for Rambo to file a Rule 35 motion. I.C.R. 35; *see, State v. Sutton,* 113 Idaho 832, 748 P.2d 416 (Ct.App.1987).

The state contends that the judge cured his initial misleading statement by qualifying it with the statement that he was not sure Rambo had that right "unless they reworded it." The state also contends that the judge cleared up any initial ambiguity by unequivocally stating that Rambo needed to file such a motion "at the time the Court enters a revocation of probation on a probation violation."

We need not decide whether the judge's subsequent statements erased all ambiguity. Even if we were to agree with Rambo that the judge's statements were misleading, we disagree with her argument that she should be afforded the exception to the Rule 35 filing requirements outlined in *State v. Corder, supra.* Rambo can only reasonably argue that she was misled to believe that she had up to 120 days from the revocation hearing in which to file a Rule 35 motion. Because she filed her Rule 35 motion 122 days after the April 9 revocation hearing, she is not entitled to relief on her Rule 35 motion. She cannot benefit from a delay in filing her Rule 35 motion which is attributable to her own lack of diligence and not governmental misleading. Accordingly, we affirm the minute-entry order of the district court dismissing Rambo's Rule 35 motion for lack of jurisdiction.

WALTERS, C.J., and SILAK, J., concur.