868 P.2d 524

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Frank Alexander WALLMULLER, Defendant–Appellant.**

No. 19962.

Court of Appeals of Idaho.

Feb. 4, 1994.

Manweiler, Bevis & Cameron, P.A., Boise, for appellant. Gary L. Davis, argued.

Larry EchoHawk, Atty. Gen. and Douglas A. Werth, Deputy Atty. Gen., argued, Boise, for respondent.

PERRY, Judge.

Frank Wallmuller was found guilty by a jury of four counts of forgery. I.C. § 18–3601. On each count, he was sentenced to a unified term of fourteen years, with a minimum period of confinement of seven years. The district court ordered that the four sentences be served concurrently. Wallmuller appeals from the judgment of conviction and concurrent sentences. We affirm.

The charges against Wallmuller followed an investigation surrounding missing business and payroll checks from The Mode, Ltd., a Boise retail store. Wallmuller was employed as the night janitor at The Mode, Ltd. and had access to the store's offices where the checks were kept. In late December 1990, the store management learned that certain checks were missing. After Wallmuller was positively identified by three bank tellers as the person passing forged The Mode, Ltd. checks, a complaint was filed charging him with four counts of forgery. Trial was held in March 1992, and the jury returned a verdict of guilty on all four counts. On April 15, 1992, the district court entered a judgment of conviction, four concurrent sentences of seven to fourteen years and a separate order of restitution in the amount of $15,355.33.

On appeal from his judgment of conviction and sentences, Wallmuller claims that the district court committed reversible error in denying his motion for mistrial and his motion in limine made during the trial. Finally, he asserts that his sentences are unduly severe, particularly where his crime is a non-violent one.

■ Wallmuller's motion for mistrial came immediately after the prosecutor made his opening statement. Wallmuller asserted in his motion that he was entitled to a mistrial based on the prosecutor's reference in his opening statement to "other checks" that were missing from The Mode, Ltd. but which were not charged as crimes against Wallmuller. Because some, though not all, of those "other checks" had been suppressed by a prior ruling of the court, Wallmuller argued that he was prejudiced by the prosecutor's remarks. Wallmuller argues to this Court that the district court abused its discretion in denying a mistrial.

■ The core inquiry in reviewing a mistrial motion on grounds of prosecutorial misconduct is whether it appears from the record that the event triggering the mistrial motion contributed to the verdict, leaving the appellate court with a reasonable doubt that the jury would have reached the same result had the event not occurred. *State v. Palin,* 106 Idaho 70, 75, 675 P.2d 49, 54 (Ct.App. 1983). The record in this appeal, however, does not include a transcript of the prosecutor's opening statement containing the allegedly prejudicial references to missing checks other than those Wallmuller was charged with forging and passing. It has been held that matters extraneous to the record cannot be considered on appeal. *State v. Lawrence,* 97 Idaho 775, 554 P.2d 953 (1976); *State v. Rambo,* 121 Idaho 1, 822 P.2d 31 (Ct.App. 1991).

In refusing to grant the mistrial motion, the district court determined that a mistrial was unnecessary. The district court stated that it did not recall any specific reference, made in the prosecutor's opening statement, to the other checks found in Wallmuller's house which had been suppressed in the district court's previous ruling. With no transcript of the prosecutor's opening statement in the appellate record, there is an inadequate record for this Court to review. Wallmuller, therefore, has failed to show any

abuse of discretion by the district court in refusing to grant a motion for mistrial.

■ Wallmuller also claims that it was error for the district court to deny his motion in limine made during trial to exclude any mention of the "other checks" missing from The Mode, Ltd. Included among the "other checks" were checks found in a briefcase in Wallmuller's home,[1] torn checks found under the seat of Wallmuller's car at the time of his arrest and checks found in the possession of Wallmuller's passenger. Wallmuller argues that the prosecutor's references to the "other checks" concerned evidence of uncharged bad acts which prejudiced him and adversely affected the outcome of the trial. He also argues that because he had not been charged regarding these other checks, the mention of "other checks" tended to inflame the jury.

Generally, evidence of other criminal acts is inadmissible to prove the character of a person in order to show that the person acted in conformity therewith. I.R.E. 404(b). Evidence of such an act, however, may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident. I.R.E. 404(b). In order for evidence concerning uncharged misconduct to be admissible, evidence must be relevant to a material and disputed issue regarding the crime charged, and the court must determine whether the probative value of the evidence is outweighed by the danger of unfair prejudice to the defendant. I.R.E. 403; State v. Moore, 120 Idaho 743, 819 P.2d 1143 (1991).

In making his motion in limine, Wallmuller's counsel pointed out that earlier in the trial, during direct examination of the manager of The Mode, Ltd., the prosecutor had inquired whether the manager was "aware that approximately 20 checks on one account were missing and approximately 90 checks on another account were missing." Defense counsel did not object at the time to the prosecutor's question containing the reference to checks in addition to those charged. He sought, by his motion in limine, however, to preclude any future references to checks other than those charged.

A motion in limine, which is a request for a protective order against prejudicial questions and statements, applies only prospectively, the purpose of such motion being to avoid injection into trial matters which are irrelevant, inadmissible and prejudicial. See BLACK'S LAW DICTIONARY 914 (6th ed. 1990). It is obvious from the record that the prosecutor's question on direct examination of the manager earlier in the trial was not assailable via Wallmuller's motion in limine, which was made after the admission of evidence without objection. Wallmuller did not move to strike or for a limiting instruction. Therefore, his later motion in limine was not effective to remedy the admission of the "other checks" evidence that came in by way of the direct examination of the store manager.

■ In addition, in order to have the proper remarks considered on appeal, it is necessary that the remarks appear in the record and that a timely objection be made. G.M. BELL, HANDBOOK OF EVIDENCE FOR THE IDAHO LAWYER at 18 (3d ed. 1987). As is generally the case, in the absence of a timely objection to an alleged error at trial, we will not consider the alleged error on appeal. State v. Sharp, 101 Idaho 498, 503, 616 P.2d 1034, 1039 (1980). Having failed to raise the issue either by means of an objection or motion to strike at the time the allegedly inadmissible testimony was offered into evidence, Wallmuller cannot raise it for the first time on appeal. State v. Matthews, 124 Idaho 806, 864 P.2d 644 (Ct.App.1993), citing State v. Fodge, 121 Idaho 192, 824 P.2d 123 (1992).

■ With respect to Wallmuller's attempt to exclude future references to "other checks" through his motion in limine, we find no error in the district court's denial of the motion. First, the district court reiterated that the checks taken from Wallmuller's briefcase were suppressed and were not to be presented to the jury. As to the remain-

---

1. The checks in Wallmuller's briefcase were suppressed by the district court in its previous ruling. The district court ruled that Wallmuller's consent to search his briefcase was the result of police questioning following Wallmuller's request for counsel.

ing checks, the district court reasoned that all of the checks that were missing from the account were "part of the whole scheme" and that the four checks Wallmuller was charged with forging "came within that framework." We agree. A jury is entitled to a full and complete description of the events surrounding the commission of a crime regardless of whether this complete description may implicate a defendant in the commission of other crimes not charged. *State v. Crawford*, 99 Idaho 87, 105, 577 P.2d 1135, 1153 (1978), *citing State v. Izatt*, 96 Idaho 667, 534 P.2d 1107 (1975).

Having currently determined that the evidence of "other checks" was relevant, the district court was free to view the evidence as admissible unless excluded under the probative value/unfair prejudice balancing test of I.R.E. 403. *See State v. Garza*, 112 Idaho 778, 784, 735 P.2d 1089, 1093 (Ct.App.1987). Again, Wallmuller has failed to demonstrate that the district court abused its discretion in its analysis of the evidence Wallmuller sought to exclude. We find no error in the district court's denial of the motion in limine.

■ Wallmuller raises a final issue on appeal regarding the severity of his sentences. He argues that his concurrent sentences of seven to fourteen years on each count of forgery were unduly harsh, particularly where his was a non-violent crime.

■ Under I.C. § 18–3604, forgery is punishable by imprisonment in the state prison for not less than one nor more than fourteen years. Each of Wallmuller's sentences is within the penalty prescribed by the statute. To establish that the sentence imposed was improper, the defendant must show that in light of the governing criteria, the sentence was excessive under any reasonable view of the facts. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992), *quoting State v. Broadhead*, 120 Idaho 141, 143–45, 814 P.2d 401, 403–5 (1991). For purposes of our review of the district court's sentencing discretion, we look to the fixed period of confinement, *State v. Sanchez*, 115 Idaho 776, 777, 769 P.2d 1148, 1149 (Ct.App. 1989), which in this case is seven years.

The district court studied the presentence report in anticipation of sentencing and learned that Wallmuller's criminal history dated back to 1967 and touched six different states. Wallmuller had been convicted of thirteen prior felonies related primarily to stealing from others by one means or another. The district court explained that Wallmuller's childhood experience, though beset with difficulties, did not excuse his criminal activity. The district court expressed that the sum of the forged checks, $15,355.33, was a significant sum that warranted a severe punishment. The district court concluded that rehabilitation was an unlikely prospect in light of Wallmuller's criminal past. The district court determined that incarceration would achieve retribution and protection of society from Wallmuller's criminal activities. We cannot say that the district court, after due consideration of the goals of sentencing, abused its discretion in sentencing Wallmuller to four concurrent terms of seven to fourteen years in prison.

In conclusion, we uphold the district court's denial of the motion in limine. Because no ruling was made on Wallmuller's motion for mistrial and no record of the prosecutor's opening statement has been presented to us on appeal, his claim of error regarding the district court's denial of his mistrial motion will not be addressed by this Court. We affirm the judgment of conviction and the sentences.

WALTERS, C.J., and LANSING, J., concur.