**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 33890**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **2008 Opinion No. 14A** |
| Plaintiff-Respondent, | ) | |
| | ) | **Filed: February 29, 2008** |
| v. | ) | |
| | ) | **Stephen W. Kenyon, Clerk** |
| LUCIO TINOCO-PEREZ, | ) | |
| | ) | **AMENDED OPINION** |
| Defendant-Appellant. | ) | **THE COURT'S PRIOR OPINION** |
| | ) | **DATED FEBRUARY 26, 2008** |
| | ) | **IS HEREBY WITHDRAWN** |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Washington County. Hon. Stephen W. Drescher, District Judge.

Order denying motion for reduction of sentence, <u>affirmed</u>.

Maria E. Andrade of Huntley Park, LLP, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

LANSING, Judge

Lucio Tinoco-Perez appeals from the district court's denial of his Idaho Criminal Rule 35 motion for reduction of sentence. We affirm.

**I.**

**FACTS AND PROCEDURE**

Tinoco-Perez was charged with attempted strangulation, Idaho Code § 18-923, and aggravated assault, I.C. §§ 18-901, -905. Pursuant to a plea agreement, he pleaded guilty to aggravated assault and the remaining charge was dismissed. The district court imposed a unified term of incarceration of four years, with one and one-half years determinate, but retained jurisdiction. Following the period of retained jurisdiction, the district court suspended the sentence and placed Tinoco-Perez on probation.

While he was on probation, Tinoco-Perez filed an I.C.R. 35 motion for reduction of his sentence. In his memorandum and supporting materials, Tinoco-Perez informed the court that he was not a United States citizen but that he held lawful permanent resident status, and because the district court had imposed a unified sentence of more than 364 days, he had been detained by federal authorities and was about to be mandatorily deported. Tinoco-Perez requested that the district court reduce his sentence to less than one year so that he could become eligible to apply for relief that would allow him to remain in this country.

The district court denied the motion and Tinoco-Perez appeals.

## II.

## ANALYSIS

A Rule 35 motion is a request for leniency which is addressed to the sound discretion of the sentencing court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 159 P.3d 838 (2007). Our principal focus on review is upon the nature of the offense and the character of the offender. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). Where a sentence is not illegal, the appellant must show that it is unreasonably harsh in light of the primary objective of protecting society and the related goals of deterrence, rehabilitation and retribution. *State v. Broadhead*, 120 Idaho 141, 145, 814 P.2d 401, 405 (1991), *overruled on other grounds by State v. Brown*, 121 Idaho 385, 825 P.2d 482 (1992); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).

Here, Tinoco-Perez's attorney supported the Rule 35 motion with a brief and affidavit explaining that even though Tinoco-Perez's sentence was suspended, the length of that sentence made him subject to deportation with no hope of ever regaining his status as a lawful permanent resident and no hope of otherwise being able to lawfully resume residence in the United States. The brief explained that under federal law, aggravated assault constitutes an "aggravated felony" resulting in deportation if a unified sentence of one year or longer is imposed. 8 U.S.C. § 1101(a)(43)(F). Therefore, Tinoco-Perez sought reduction of the sentence to less than one year to avoid categorization of his conviction as an aggravated felony.

Although the risk of deportation or other impact on immigration status is generally considered a "collateral consequence" of a criminal conviction, *Retamoza v. State*, 125 Idaho 792, 796-97, 874 P.2d 603, 607-08 (Ct. App. 1994), it nevertheless is often a very significant consequence for the defendant.[1]   Indeed, for many non-citizens, any term of imprisonment imposed by the court will be quite secondary to the immigration consequences in impact on the defendant's life and future.   Therefore, the effect on immigration status is an appropriate consideration for a trial court in fashioning a sentence or considering Rule 35 relief.

Nevertheless, we find no abuse of discretion here, where the district court clearly considered this new information that Tinoco-Perez's sentence would lead to his deportation, but ultimately denied his request for a sentence reduction.   While the collateral consequences for Tinoco-Perez warranted consideration, the trial court properly concluded that they did not supplant other factors that bear upon the appropriate length of a sentence, including the severity of the offense, the defendant's criminal history, and other aspects of the defendant's character. Tinoco-Perez attacked and choked his girlfriend in a drunken rage.   When her son and his friend intervened, Tinoco-Perez then grabbed a knife and attacked the two men.   During the ensuing struggle and in disarming Tinoco-Perez, the friend suffered several lacerations to his hand. Although this was Tinoco-Perez's first felony conviction, he had previously been convicted of numerous misdemeanors, including disorderly conduct, resisting or obstructing officers (twice), possession of a controlled substance (twice), and driving under the influence (twice).   The district court did not abuse its discretion in concluding that the deportation consequences suffered by Tinoco-Perez did not warrant relief from the sentence imposed.[2]

---

[1]   It is of sufficient import that Idaho Criminal Rule 11(d)(1) now requires that, prior to accepting a guilty plea, the court must notify a defendant that entry of a guilty plea or factual admissions could have consequences of deportation, inability to obtain legal status in the United States, or denial of citizenship, for non-citizen defendants.

[2]   The State, citing *State v. Jimenez*, 120 Idaho 753, 819 P.2d 1153 (Ct. App. 1991) and *State v. Rambo*, 121 Idaho 1, 822 P.2d 31 (Ct. App. 1991), has argued that the district court lacked authority under I.C.R. 35 to entertain a motion for reduction of sentence because the rule does not authorize such motions after probation has been granted at the end of a period of retained jurisdiction.   We find it unnecessary to resolve this issue because we affirm the district court's denial of the Rule 35 motion on the merits.

Accordingly, the district court's order denying Tinoco-Perez's I.C.R. 35 motion is affirmed.

Chief Judge GUTIERREZ and Judge PERRY **CONCUR.**