**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47287**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: May 12, 2020** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) |
| MIGUEL SOLANO, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. George A. Southworth, District Judge.

Order denying I.C.R. 35 motion for correction of an illegal sentence and for reduction of sentence, <u>affirmed</u>.

Parmenter Rivera, LLP; Nathan D. Rivera, Blackfoot, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Justin R. Porter, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Miguel Solano appeals from the district court's order denying his I.C.R. 35 motion to correct an illegal sentence and for a reduction of his sentence. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Solano and his girlfriend brought their four-month-old child to the emergency room at a local hospital and reported that the child had been fussy all day and was not using his right hand. Medical tests revealed that the child had two fractured ribs and a fractured skull, along with evidence of older fractures to the child's ribs and legs. Doctors suspected the injuries were caused by shaking, slamming, throwing, crushing, or blunt force trauma. The age of the fractures suggested the child had suffered injuries at different times. When confronted with the

injuries, Solano claimed that the recent rib and skull fractures occurred when he had dropped the child in the shower and that the older leg injuries occurred when he became frustrated and "jerked" the child's legs during a diaper change.

The State charged Solano with injury to a child and a sentencing enhancement for causing great bodily injury. Ultimately, Solano entered an *Alford*[1] plea to injury to a child. I.C. § 18-1501(1). In exchange for Solano's plea, the State dismissed the sentencing enhancement. The district court sentenced Solano to a unified term of five years, with a minimum period of confinement of two years. The district court then suspended Solano's sentence and placed him on probation for four years. As a condition of probation, Solano was ordered to serve 180 days in the county jail along with 90 days of discretionary jail time. Subsequently, Solano filed a motion pursuant to I.C.R. 35, claiming the district court imposed an illegal sentence and seeking a reduction of his sentence. The district court denied Solano's motion. Solano appeals.

## II.

## STANDARD OF REVIEW

Pursuant to I.C.R. 35, the district court may correct an illegal sentence at any time. In an appeal from the denial of a motion under I.C.R. 35 to correct an illegal sentence, the question of whether the sentence imposed is illegal is a question of law freely reviewable by the appellate court. *State v. Josephson*, 124 Idaho 286, 287, 858 P.2d 825, 826 (Ct. App. 1993).

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting an I.C.R. 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of an I.C.R. 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987).

---

[1]     *See North Carolina v. Alford*, 400 U.S. 25 (1970).

## III.

## ANALYSIS

Solano raises two issues on appeal. First, Solano argues that the district court erred in denying his I.C.R. 35 motion because his sentence is illegal. Second, Solano argues that the district court abused its discretion in denying his motion for reduction of sentence by failing to give proper consideration to the immigration consequences of his sentence. The State responds that Solano's sentence is lawful and that he has failed to show the district court was unaware of and did not consider the potential immigration consequences Solano faced at the time of sentencing. We hold that Solano has failed to show that his sentence is illegal or that the district court abused its discretion in denying his motion for reduction of sentence.

### A. Legality of Sentence

Although Solano acknowledges that the imposition of a term of confinement in jail as a condition of probation is lawful when judgment is withheld, he argues that such a condition is unlawful when the district court enters judgment but suspends execution of the judgment as the district court did in this case. We disagree.

Idaho Code Section 19-2601 authorizes a trial court to suspend execution of the judgment and place the defendant on probation under such terms and conditions as it deems necessary and appropriate. The Idaho Supreme Court has recognized that trial courts may impose a period of confinement in jail as a condition of probation. *See State v. Wagenius*, 99 Idaho 273, 279, 581 P.2d 319, 325 (1978). Moreover, although I.C. § 19-2601 neither expressly authorizes nor prohibits the imposition of jail confinement as a condition of probation in the suspended sentence context, other code provisions demonstrate that the Idaho Legislature contemplated such. Under I.C. § 19-2603, a probationer "shall receive credit for time served . . . for any time served as a condition of probation under the withheld judgment or suspended sentence." Idaho Code Section 18-309(2) contains a similar directive.[2] These code provisions not only demonstrate the

---

[2] Specifically, I.C. § 18-309(2) provides:

> In computing the term of imprisonment when . . . sentence has been suspended and is later imposed, the person against whom the judgment . . . is imposed shall receive credit in the judgment for any period of incarceration

Idaho Legislature's implicit authorization of the imposition of jail confinement as a condition of probation when a sentence is suspended, but they also prevent probationers from suffering double punishment if their probation is revoked and a prison term is imposed.

Solano also argues that his sentence is illegal because it is comprised of both the suspended prison term and the period of confinement in jail, which he contends is contrary to I.C. § 18-1501(1). Idaho Code Section 18-1501(1) provides that injury to a child as defined therein is "punishable by imprisonment in the county jail not exceeding one (1) year, or in the state prison for not less than one (1) year nor more than ten (10) years." Solano misunderstands the nature of the sentence imposed by the district court. The sentence imposed by the district court was a unified term of five years, with an indeterminate two-year term. That sentence was suspended. The 180-day jail term ordered by the district court was a condition of probation, not a separate sentence. Thus, Solano's assertion that his sentence illegally imposed a jail term and a term of imprisonment fails.

The district court's sentence and its order for a period of confinement in jail as a condition of probation was lawful. Solano has therefore failed to show the district court erred in denying his I.C.R. 35 motion.

## B.    Request for Leniency

Solano also argues that the district court abused its discretion in denying his I.C.R. 35 motion for reduction of sentence by failing to properly consider the immigration consequences of the sentence. According to Solano, he is not a United States citizen and the length of his sentence makes his crime an "aggravated felony" under federal law, rendering him ineligible for certain relief from deportation. Solano contends that the district court failed to take proper consideration of these immigration factors when denying his motion for a reduction of sentence.

Solano's I.C.R. 35 motion sought a sentence reduction that would eliminate his suspended prison term.[3] Solano supported his request for leniency with a brief and notarized

---

served as a condition of probation under the original withheld or suspended judgment.

[3] Solano's implicit argument appears to be that he would suffer no adverse immigration consequences had he been sentenced to less than one year of incarceration.

letters of support from relatives and his girlfriend explaining the immigration consequences of his suspended sentence. After reviewing the presentence investigation report, Solano's briefing and the sentencing hearing, the district court denied Solano's motion for a sentence reduction, concluding that Solano received an appropriate sentence in light of his relevant characteristics and applicable Idaho case law.

The effect a sentence may have on a defendant's immigration status is an appropriate consideration for a trial court in fashioning a sentence or considering I.C.R. 35 relief. *State v. Tinoco-Perez*, 145 Idaho 400, 402, 179 P.3d 363, 365 (Ct. App. 2008). Solano's I.C.R. 35 motion for reduction of sentence and the letters from his family and girlfriend outlined the immigration consequences facing Solano due to his sentence. In considering Solano's request for leniency, the district court stated:

> [T]he Court denies Solano's request for leniency. The Court reviewed the facts and circumstances of the case. In light of the well-recognized objectives of criminal punishment, the Court views his sentence as reasonable under all circumstances in this case.
>
> The Court also reviewed the pre-sentence investigation reports, the parties' briefing, and the sentencing hearing[4]. The court has considered--as it did at sentencing--Solano's characteristics relevant to its decision to issue the sentence imposed. In light of all applicable considerations set forth in Idaho statutes and case law, the Court concludes that the sentence imposed was appropriate at the time of sentencing, and remains so as of the date of this Order.

Although the immigration consequences of Solano's sentence warranted consideration, we cannot say that the district court abused its discretion in concluding that the immigration consequences of Solano's sentence did not warrant a reduction, particularly given the nature of the offense. Solano has failed to show error in the denial of his request for leniency.

---

[4] It is unclear what the district court is referring to in terms of reviewing the sentencing hearing. To the extent the district court reviewed a recording or a transcript of that hearing, neither is included in the record on appeal. Portions of a transcript missing on appeal are presumed to support the actions of the district court. *State v. Repici*, 122 Idaho 538, 541, 835 P.2d 1349, 1352 (Ct. App. 1992).

# IV.

## CONCLUSION

The district court did not impose an illegal sentence by sentencing Solano to a suspended prison term and imposing a period of confinement in the county jail as a probation condition. Additionally, Solano has failed to show the district court abused its discretion in denying Solano's request for a sentence reduction. Thus, Solano has failed to show that the district court erred, and the order denying Solano's I.C.R. 35 motion for correction of an illegal sentence and for reduction of his sentence is affirmed.

Chief Judge HUSKEY and Judge BRAILSFORD, **CONCUR**.