**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49085**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: February 1, 2023** |
| Plaintiff-Appellant, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| KENNETH RICHARD ROSE, JR., | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Respondent. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Richard S. Christensen, District Judge.

Order granting I.C.R. 35 motion for reduction of sentence, <u>affirmed</u>.

Hon. Raúl R. Labrador, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for appellant. Mark W. Olson argued.

Eric D. Fredericksen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for respondent. Kimberly A. Coster argued.

_____

LORELLO, Chief Judge

The State of Idaho appeals from an order granting Kenneth Richard Rose, Jr.'s I.C.R. 35 motion for reduction of his sentence for aggravated driving under the influence (DUI). We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Rose entered a conditional guilty plea to aggravated DUI, reserving the right to appeal the partial denial of his motion to suppress. At the sentencing hearing, the district court imposed a unified six-year sentence, with a minimum period of confinement of one year, but stayed execution of the sentence pending Rose's anticipated appeal. The district court remarked that, if Rose did not succeed on appeal and it became "necessary to bring [him] back and impose imposition [sic] of execution of sentence," the district court "suspect[ed]" it could "also take up any change of circumstances that have advanced between now and the time that appeal is resolved." The district

court filed a judgment of conviction on December 18, 2017. Rose appealed the partial denial of his motion to suppress and, after a period of suspension while awaiting the resolution of another appeal, this Court affirmed in an unpublished opinion. *State v. Rose*, Docket No. 45751 (Ct. App. July 22, 2020). The remittitur was issued on March 3, 2021.

After the remittitur was issued, the district court held a status conference. The judge handling the case at that time was different than the judge who sentenced Rose. According to the court minutes, the district court scheduled a second status conference and informed the parties that they would "need to be prepared for sentencing." The State moved to vacate the status conference, contending it was unnecessary because the district court "lost jurisdiction" once the remittitur was issued. At the second status conference, the district court set a third status conference to give Rose an opportunity to respond to the State's motion to vacate.

On June 15, 2021, Rose filed a motion requesting leniency under I.C.R. 35(b) via a modification of his sentence.[1] In response, the State filed additional briefing, this time arguing that the district court lacked jurisdiction to amend or set aside Rose's judgment of conviction and that his I.C.R. 35(b) motion was untimely. At the third status conference held on June 30, 2021, the district court held that Rose's I.C.R. 35(b) motion was "timely because the matter's been stayed" and concluded it had jurisdiction to consider the motion. The district court continued the hearing on the merits of the I.C.R. 35(b) motion to allow notice to the victim. In addition, the district court, "act[ing] on the remittitur," ordered Rose into custody.

At the hearing on Rose's I.C.R. 35(b) motion, the district court observed that it was "clear" that the sentencing judge "inten[ded] at the time to revisit the sentence upon remand" after Rose's appeal. After considering new evidence presented by both parties, the district court granted Rose's I.C.R. 35(b) motion. The district court found that the periods of determinate and indeterminate incarceration of the original sentence were "appropriate," but modified the sentence by suspending it and placing Rose on probation for four years. As a condition of probation, the district court placed Rose under house arrest for eighteen months. The State appeals.

## II.

## STANDARD OF REVIEW

---

[1] Rose's motion also asserted under I.C.R. 35(a) that his sentence is illegal, but the district court denied that portion of his motion. Rose has not cross-appealed that decision.

Jurisdiction is a question of law that is reviewed de novo. *State v. Wolfe*, 158 Idaho 55, 60, 343 P.3d 497, 502 (2015).

## III.

## ANALYSIS

The State asserts the district court erred because it "had no jurisdiction to consider and rule on the I.C.R. 35(b) motion filed years after the judgment of conviction was entered, and after the judgment became final." Rose responds that the stay of execution extended the time to file an I.C.R. 35(b) motion and that his motion was timely because it was filed within 120 days of the stay being lifted.[2] We hold that, although the district court erred in concluding that the stay extended the time to file an I.C.R. 35(b) motion, Rose's motion is deemed timely because of the district court's misleading statements at the sentencing hearing.

A trial court's jurisdiction over a criminal defendant stems from Article V, Section 20 of the Idaho Constitution. *State v. Brown*, 170 Idaho 439, 443, 511 P.3d 859, 863 (2022). In general, this jurisdiction terminates once a defendant is placed into actual physical custody of the Board of Corrections. *Id.* at 444, 511 P.3d at 864. In addition, a trial court's jurisdiction to amend or set aside a judgment expires once the judgment becomes final, either by expiration of the time for appeal or affirmance of the judgment on appeal. *State v. Jakoski*, 139 Idaho 352, 355, 79 P.3d 711, 714 (2003). A trial court's jurisdiction, however, can be extended by a rule or statute. *Brown*, 170 Idaho at 444, 511 P.3d at 864; *Jakoski*, 139 Idaho at 355, 79 P.3d at 714. One such rule is I.C.R. 35(b). *Brown*, 170 Idaho at 444, 511 P.3d at 864. Pertinent to this appeal, I.C.R. 35(b)

---

[2]  The district court did not determine specifically on what day the stay was lifted. At the hearing on the merits of Rose's I.C.R. 35(b) motion, the district court remarked:

> The court finds that that remittitur is an order to this court to then lift the stay, and the court did not get to the point of lifting that stay until--was it last week?
> Assuming that we take the date of the remittitur of March 3rd, the motion for [I.C.R.] 35, if that is when the stay is lifted as to the remittitur, the [I.C.R.] 35 in this matter, which could not have been filed prior to the lifting of the stay--that motion for [I.C.R.] 35 was filed on June 15th--the court finds that's a timely filing for [an I.C.R.] 35(b) in this matter.

These remarks indicate the district court held that, at the earliest, the stay terminated on March 3, 2021, and that Rose's I.C.R. 35(b) motion was timely based on that date. On appeal, we need not determine on what day the stay was lifted because our analysis remains the same regardless of the precise date.

provides that a defendant can file a motion to reduce a sentence "within 120 days of the entry of the judgment imposing sentence." A district court retains jurisdiction to rule on such a motion if it acts within a "reasonable time" after the 120 day-period expires. *State v. Chapman*, 121 Idaho 351, 353, 825 P.2d 74, 76 (1992); *State v. Tranmer*, 135 Idaho 614, 616, 21 P.3d 936, 938 (Ct. App. 2001).

In this case, absent the intervention of a statute or rule, the district court's jurisdiction to amend Rose's judgment of conviction terminated when the remittitur issued on March 3, 2021. *See Jakoski*, 139 Idaho at 355, 79 P.3d at 714. Rose did not file his I.C.R. 35(b) motion until June 15, 2021, approximately three and a half years after the entry of his judgment of conviction on December 18, 2017, and the district court did not grant the motion until July 13, 2021. Even assuming the district court ruled on the motion within a reasonable time, the motion was still untimely because it was filed well beyond the 120-day period allowed by I.C.R. 35(b).

Rose asserts that the motion was timely because the district court correctly concluded that the stay of the execution of his sentence pursuant to I.C.R. 38 extended the time to file an I.C.R. 35(b) motion. Entering a judgment imposing a sentence, however, is distinct from ordering the sentence executed. *See State v. Corder*, 115 Idaho 1137, 1140, 772 P.2d 1231, 1234 (Ct. App. 1989) (holding that "a sentence is 'imposed' when originally pronounced," as such, "the 120-day period runs from the original pronouncement of the sentence"); *State v. Salsgiver*, 112 Idaho 933, 934, 736 P.2d 1387, 1388 (Ct. App. 1987) (noting that, "if the execution of a sentence is postponed, the sentence nevertheless has been 'imposed'"). Staying the execution of a sentence does not change the date a judgment was entered, which triggers the 120-day period for filing an I.C.R. 35(b) motion. Further, a trial court cannot "extend the time to take any action" under I.C.R. 35 "except to the extent and under the condition stated" in that rule. I.C.R. 45(b)(2). For this reason, any stay granted pursuant to I.C.R. 38 could not extend the 120-day period. *See State v. Hoffman*, 114 Idaho 139, 140, 754 P.2d 452, 453 (Ct. App. 1988) (noting that nothing in I.C.R. 35(b) provides an exception or condition to the requirement of filing a motion within the 120-day period). Consequently, the district court erred by concluding that the stay extended the time for Rose to file an I.C.R. 35(b) motion.

Although the stay did not operate to extend the time for filing the I.C.R. 35(b) motion, this Court has previously held that defendant may be excused from the 120-day time limit under

"special circumstances" or because of misleading conduct by the State.[3]  *State v. Hocker*, 119 Idaho 105, 107, 803 P.2d 1011, 1013 (Ct. App. 1991).  Thus, if the trial court makes a misleading statement about when an I.C.R. 35(b) motion can be filed, the merits of a defendant's I.C.R. 35(b) motion may be considered even though the motion is not timely.  *See State v. Joyner*, 121 Idaho 376, 379, 825 P.2d 99, 102 (Ct. App. 1992); *State v. Barney*, 121 Idaho 368, 370, 825 P.2d 91, 93 (Ct. App. 1991).  For an untimely I.C.R. 35(b) motion to be considered, the delay must be reasonably attributable to the misleading statement and not the defendant's own lack of diligence. *State v. Rambo*, 121 Idaho 1, 3, 822 P.2d 31, 33 (Ct. App. 1991).  For instance, even if a trial court's statements could mislead a defendant as to what date the 120-day period begins, a defendant's I.C.R. 35(b) motion will not be deemed timely if filed more than 120 days after the erroneous date.  *See Rambo*, 121 Idaho at 3, 822 P.2d at 33.

During the sentencing hearing, the district court made the following remarks after granting a stay pending Rose's first appeal:

> [I]f you lose your appeal and it's necessary to bring you back and impose imposition [sic] of execution of sentence or to reschedule the case for trial if you prevail in the appeal, I suspect the court can also take up any change of circumstances that have advanced between now and the time that that appeal is resolved.

Years later, when a different judge held a hearing on Rose's I.C.R. 35(b) motion, the district court indicated that it had listened to the audio recording from the sentencing hearing and observed that it was "clear" that the sentencing judge "inten[ded] at the time to revisit the sentence upon remand" after Rose's appeal.  The State acknowledges as much, noting the sentencing judge's comments reveal that it "appeared to anticipate that it would entertain a subsequent theoretical I.C.R. 35(b) motion filed after the direct appeal concluded."  Given the misleading statement by the district court at the sentencing hearing, it was reasonable for Rose to wait until after his first appeal was

---

[3]  Possible exceptions to the 120-day time limit were first referenced in *State v. Parrish*, 110 Idaho 599, 601, 716 P.2d 1371, 1373 (Ct. App. 1986).  In noting the possibility of an exception, the Court relied on federal case law holding that a "failure to meet filing deadlines may be excused in certain 'unique circumstances' where the failure is in reliance on an affirmative statement by the court," *Gov't of V.I. v. Gereau*, 603 F.2d 438, 442 (3d Cir. 1979).  The United States Supreme Court, however, later overruled its precedent creating the "unique circumstances" rule.  *Bowles v. Russell*, 551 U.S. 205, 214 (2007).  The Court reasoned that, "because this Court has no authority to create equitable exceptions to jurisdictional requirements, use of the 'unique circumstances' doctrine is illegitimate."  *Id.*

resolved to file his I.C.R. 35(b) motion. As noted previously, the earliest the stay was lifted was when the remittitur from the first appeal was issued on March 3, 2021. Rose filed his I.C.R. 35(b) motion 104 days later on June 15, 2021. In light of our prior cases and under the circumstances of this case, the district court had authority to consider Rose's I.C.R. 35(b) motion. We, therefore, reject the State's jurisdictional argument. Because the State does not challenge the merits of the district court's decision on Rose's I.C.R. 35(b) motion, we affirm.

## IV.

## CONCLUSION

The district court erred in concluding that the stay of execution of the sentence extended the time to file an I.C.R. 35(b) motion. But, because the district court's statements at sentencing were misleading, Rose's I.C.R. 35(b) motion is deemed timely filed and, consequently, the district court had jurisdiction to consider the motion. Accordingly, the district court's order granting Rose's I.C.R. 35 motion for reduction of his sentence is affirmed.

Judge GRATTON and Judge BRAILSFORD, **CONCUR**.